UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILTON MARRERO, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-01418 |
| v. | (SAPORITO, M.J.) |
| OHIO SECURITY INSURANCE COMPANY, | |
| Defendant. | |

# MEMORANDUM

This diversity action arises out of a motor vehicle accident which occurred on September 9, 2017, on Interstate 81 in the City of Scranton, Lackawanna County, Pennsylvania. The plaintiff's complaint seeks damages for breach of contract pursuant to the underinsured motorist benefits provision of the automobile policy of insurance issued by the defendant. This matter is before us on the defendant's motion to strike extra-contractual allegations under Fed. R. Civ. P. 12(f). (Doc. 4). For the reasons set forth herein, we will deny the motion.

## I. *Statement of the Case*

This case was commenced in the Court of Common Pleas of Lackawanna County, Pennsylvania by the filing of a complaint on June 9, 2021. The defendant, Ohio Security Insurance Company removed this

action to this court on August 13, 2021. (Doc. 1).  The plaintiff alleges that as the result of a motor vehicle accident on September 9, 2017, he is entitled to underinsured motorist ("UIM") benefits under a policy of automobile insurance issued to the plaintiff's employer, Raldar Enterprises, Inc. by Ohio Security.  Marrero's complaint purports to allege a cause of action for breach of contract arising out of his claim for UIM benefits under the Ohio Security policy.

Ohio Security's motion to strike takes issue with four paragraphs contained in Marrero's complaint which it contends that the allegations contained therein are immaterial and/or impertinent in that the complaint sets forth a cause of action for breach of contract and not a separate claim for bad faith.  The four paragraphs which are the subject of the motion are set out as follows:

> 44. The Plaintiff, MILTON MARRERO, has fully complied with all provisions of the policy to date, but despite such compliance, the Defendant [OHIO SECURITY], has refused to properly negotiate a reasonable settlement for the injuries and damages sustained by the Plaintiff, MILTON MARRERO, and due to the negligence of the underinsured driver.
>
> 48. The Defendant, [OHIO SECURITY], has failed objectively and fairly to evaluate the Plaintiff's claim.

> 49. The Defendant, [OHIO SECURITY], has failed promptly to offer payment of the reasonable and fair value of the claim to the Plaintiff.
>
> 50. The Defendant, [OHIO SECURITY], has failed reasonably to investigate the Plaintiff's claim inasmuch as a thorough and proper inquiry would have revealed that Plaintiff sustained serious injury.

Doc. 1-3, ¶¶ 44, 45-50.

In its response to the motion to strike, Marrero concedes that his complaint includes the allegations set forth in the above referenced paragraphs. (Doc. 7, ¶7). However, in his brief in opposition, Marrero references the four numbered paragraphs which are the subject of Ohio Security's motion to strike, but the text in paragraphs 48, 49, and 50 recited therein are not the same allegations in those paragraphs as set forth in the complaint. (Doc. 9, at 4). In his brief in opposition, Marrero mistakenly quoted the allegations in paragraphs 45-47 of the complaint, rather than the text correctly cited by Ohio Security in paragraphs 48-50.

The parties have fully briefed the motion and it is ripe for disposition.

## II. *Legal Standards*

The federal rules provide that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

> The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters. Because a motion to strike is not favored, a court will generally not grant such a motion unless the material to be stricken bears no possible relationship to the controversy and may cause prejudice to one of the parties. While a trial court has considerable discretion in whether to grant or deny such a motion, they are highly disfavored and should only be granted when the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.

*Loscombe v. City of Scranton*, 902 F. Supp. 2d 532, 547 (M.D. Pa. 2012) (citations and internal quotation marks omitted). "[T]he exercise of this power [to strike] should be reserved for cases in which the pleading is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Nagel v. Pocono Med. Ctr.*, 168 F.R.D. 22, 23 (M.D. Pa. 1996) (internal quotation marks omitted).

"An 'immaterial' matter has no essential or important relationship to the claim for relief or defenses pleaded." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005); *see also Burke v. Mesta Mach. Co.*, 5 F.R.D. 134, 138 (W.D. Pa. 1946). For example, "[a] statement of unnecessary particulars in connection with and descriptive of a material matter" or "[s]uperfluous historical allegations" may be stricken as "immaterial." *Wilkerson*, 229 F.R.D. at 170; *see also Burke*, 5 F.R.D. at 138. Meanwhile, "[a]n 'impertinent' allegation is neither responsive nor relevant to the issues involved in the action and which could not be put in issue or given in evidence between the parties." *Wilkerson*, 229 F.R.D. at 170; *see also Burke*, 5 F.R.D. at 138. "An 'impertinent' matter consists of statements that do not pertain and are unnecessary to the issues in question." *Wilkerson*, 229 F.R.D. at 170.

### III. Discussion

A plaintiff asserting a breach of contract claim under Pennsylvania law must establish three elements: (1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) resultant damages. *Pennsy Supply, Inc. v. American Ash Recycling Corp.*, 895 A.2d 595, 600

(Pa. Super. 2006); *Amitia v. Nationwide Mut. Ins. Co.*, Civil Action No. 3:08-cv-335, 2009 WL 111578, at *3 (M.D. Pa. Jan. 15, 2009).

Despite Marrero's mistaken references to paragraphs 45-47 of the complaint rather than 48-50, at this stage of the litigation we are not persuaded by the arguments made by Ohio Security that the referenced allegations are immaterial and impertinent to the contractual obligations of Ohio Security under the policy. Those allegations refer to matter s which are part of Ohio Security's contractual obligations to Marrero, if proven. The issues encompassing those allegations are better left to a determination after a more complete factual record is established.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: January 27, 2022